## INHABITANTS OF DRESDEN *vs.* DANIEL GOUD.

### Lincoln.    Opinion June 21, 1883.

*Taxes.    Assessors.    Oath.    Assessors de facto.    R. S., c. 6, 75.    Stats. 1874, c. 232; 1879, c. 158.*

Where no assessors are elected, the selectmen must, each' of them, be sworn as assessors before they can legally assess a tax.  They can not make an assessment as officers *de facto*, which will sustain an action for taxes under stat. 1874, c. 232, as amended by stat. 1879, c. 158.

ON REPORT.

The opinion states the case and material facts.

*J. W Spaulding and F. J. Buker,* for the plaintiffs.

*Joseph Baker,* for the defendant.

DANFORTH, J.    This is an action under the statute of 1874, c. 232, as amended in 1879, c. 158, to recover a tax assessed upon the defendant for the year 1881.    One of the numerous objections to the maintenance of the action, is the allegation that the assessors for that year were not sworn as such.    To this, two answers are made ; one of fact and one of law.    It is claimed that the proof shows that they were sworn, and if not, they were officers *de facto*, and as such, their acts were binding upon the defendant.

1. It appears from the records of the town, that no assessors were chosen for the year 1881.    Hence by virtue of R. S., c. 6, § 75, the selectmen became the assessors, and the same section further provides that " each of them shall be sworn as an assessor. "    The only evidence we have of any oath having been administered to the persons elected selectmen, is a certificate taken from the records of the following purport : " 1881, March. Then Charles W. Bickford and Edwin F. Houdlett and Bradbury Blin, chosen selectmen for the ensuing year, severally made

oath to faithfully and impartially perform the duties of their offices ; before me.      Attest, John H. Mayers, town clerk. ”

This may be sufficient evidence that the persons named were sworn as selectmen.    The certificate alludes to them as selectmen, but not as acting or proposing to act in any other capacity.  . The fact that the word “offices” is in the plural number, affords no aid, for that is equally applicable to the different offices of the several individuals, as to any other office which either might hold, or if to any other office it may as well have been overseers of the poor, or constable, or any other office to which they might have been chosen.    The statute requires that “ each of them shall be sworn as an assessor. ”    The fact that this office devolves upon them by virtue of their election as selectmen, does not make the two, one office, but each retains its distinct character and each requires its distinct and proper oath.    Yet in this certificate, the word assessor is not used, nor is there any language which we can understand as referring to that office. Hence there is an entire failure of evidence to show that each or either of these men was sworn as an assessor.

2.  Assuming that these men, acting as they did as assessors, by color of an election which if legal, would have made them such, still the principles applicable to officers *de facto*, would not apply here.    The question here presented involves necessarily the competency of the persons to do the act, or make the assessment.    The statute requires as a condition precedent to the maintenance of the action, that the tax should be “ legally assessed, ” and the proper oath is a condition precedent to the authority of the assessors to assess.    No oath, no competency ; no competency, there can be no legal assessment.

Besides, the defendant is not a third person, nor is there any third person to avail himself of the act, or attack the assessment collaterally.    The act operates directly upon the defendant.    It is his property and his alone that is at stake, and the contest is not a collateral one, but a direct impeachment of the legality of the assessment.    True the assessors are not a party to the action, but the town which stands in their place and which they represented, is such party and has no more rights simply because the statute provided that the action should be in its name.

The decisions in this and other states have gone farther than necessary to sustain these principles. ·It is now too well settled to be doubted, that in sales of property for taxes, to save a forfeiture it is required that the purchaser shall show not only the legal election and qualification of the assessors, but the legal qualification of all officers who have any duty to do in relation to the sale; and this is so even though the purchaser is an innocent third person. There are cases in some of the states which hold that the collector who makes the sale, if he comes within the definition of an officer *de facto,* may make a valid sale though not qualified by taking the prescribed oath. But even these cases, so far as they have been brought to our attention, go no farther than to hold that the officers making the sale may make a valid one if officers *de facto,* leaving the principle still applicable that the assessment must be made by officers *de jure.* In *Tucker* v. *Aiken,* 7 N. H. 113, the court say, "the general principle undoubtedly is, that the acts of an officer *de facto* are valid, so far as the public or the rights of third persons are concerned; and that the title of such an officer cannot be inquired into in any proceeding to which he is not a party. But proceedings founded upon the assessment and collection of taxes have been supposed to form an exception to this rule; or rather, a different rule has been supposed to be applicable to such proceedings. The principle is expressly laid down, that in order to maintain a title to land sold for taxes, or to justify a distress, every substantial regulation of the law must be shown to have been complied with, and it seems to have been understood that this principle included and required proof of the due election and qualification of all officers concerned in the assessment and collection of the tax." Such seems to have been the law as uniformly held by the courts in New Hampshire.

In *Payson* v. *Hall,* 30 Maine, 319, on pages 325–6, SHEPLEY, C. J., says, "that when constables or sheriffs perform acts by virtue of judicial precepts, it is usually sufficient to show that they were officers *de facto,* without producing proof that· they were legally qualified to do so. A person injured by such acts, has a remedy by action against the officer, and his rights

are secured by a final resort to the official bond. But one injured by the misconduct of a collector of taxes, cannot be protected by a resort to his official bond for redress, that having been made for the security of the town alone. He must be permitted to avoid the acts of one assuming without lawful authority to be a collector, or be in many cases without a remedy. . . . The tax payer is entitled to have his interests protected in the sale of his property, by the obligations imposed by the official oath." This case was affirmed in *Gould* v. *Monroe*, 61 Maine, 547, and recognized as sound in *Oldtown* v. *Blake*, 74 Maine, 286, though in that case, it was held that a collector not having taken the oath, may be so far an officer *de facto* as to enable him to make a demand for the tax valid for the purpose of affecting the costs, when the refusal to pay was put upon other grounds.

If the collector must be an officer *de jure* to enable him to make a valid sale of property for the payment of a tax, much more must the assessors be such to enable them to make a legal tax for which an action can be maintained under the statute. *First Parish* v. *Fiske*, 8 Cush. 267.

*Plaintiff's nonsuit.*

APPLETON, C. J., BARROWS, VIRGIN and SYMONDS, JJ., concurred.